UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. PELLUM, SR., | Case No.: 1:15-cv-01264-AWI-JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |
| v. | |
| CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff Jason Pellum, Sr., initiated this action by filing a complaint on August 7, 2015, alleging violations of his civil rights, and that his parole officer acted in violation of the United States Constitution.  Because Plaintiff has failed to comply with the Local Rules and the Court is unable to communicate with Plaintiff, the Court recommends the matter be **DISMISSED** without prejudice.

I.    **Background**

The Court issued new case documents on August 17, 2015, which were returned to the Court on August 31, 2015, as undeliverable with the notation "not in custody".  Similarly, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis*, which was returned with the notation "Return to Sender, Attempted Not Known, Unable to Forward."  To date, Plaintiff's forwarding address remains unknown, because he has not filed a "Notice of Change of Address" with the Court.

///

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the new case documents were returned as undeliverable, he has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance based upon Plaintiff's failure to notify the

Court of a change in address. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. No lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

### IV. Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules, which require him to provide a current mailing address to the Court. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after the date of service, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 5, 2015**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

3